**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

MARK KOSCIELSKI,

Plaintiff,

v.

CITY OF MINNEAPOLIS AND JEFFREY HO,

Defendants.

Civil No. 00-425 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

John C. DeMoss, DEMOSS LAW OFFICE, 6950 France Avenue South, Suite 100, Edina, Minnesota, 55435-2024, for plaintiff.

Peter William Ginder, MINNEAPOLIS CITY ATTORNEY, 300 Metropolitan Center, 333 South Seventh Street, Minneapolis, MN, 55402-2453, for defendant.

This is a civil action arising under 42 U.S.C. § 1983 in which plaintiff alleges that defendants violated his constitutional rights during the execution of a search warrant of plaintiff's residence. According to plaintiff's second amended complaint, plaintiff claims that the City of Minneapolis (the "City") violated his right to be secure against unreasonable searches and seizures, deprived him of his liberty and property without due process of law, denied him equal protection and invaded his privacy. Plaintiff also seeks monetary damages against Dr. Jeffrey Ho ("Dr. Ho"), an emergency room physician

FILED FEB 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. FEB 15 2002
DEPUTY CLERK

employed by the City for assistance in high risk entry situations, who plaintiff alleges violated his constitutional rights while restraining him during the search.

At the close of discovery, defendants moved for summary judgment, which the Court referred to United States Magistrate Judge Franklin L. Noel for a report and recommendation. This matter is now before the Court on plaintiff's objections to the report and recommendation dated November 6, 2001 recommending that defendants' motion for summary judgment be granted. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons that follow, the Court overrules plaintiff's objections and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

In light of the detailed factual background contained in the report and recommendation, the Court provides only a brief summary of the facts here. This action arises out of the execution of a no-knock search warrant of 3547 Harriet Avenue South where plaintiff and others reside. The warrant was obtained after an investigation of Lee Cody Wilson, a resident of the house, led officers to believe that narcotics were present within the house. In the evening hours of October 13, 1999, members of the City's Emergency Response Unit ("ERU") entered into the house. At the time, plaintiff was sitting at the kitchen table counting the daily receipts from the gun shop that he owned. Plaintiff had a loaded .40 caliber pistol tucked into his waistband underneath his sweatshirt, which he is lawfully licensed to carry. When plaintiff heard the sound of the forced entry, he sought cover behind the back door of the house. Upon opening the door,

plaintiff saw an officer pointing a gun at his face and decided to immediately lie down on the ground. Although there is some confusion as to what transpired next, plaintiff was instructed to remain on the ground, which he did. Officer Michael Young acknowledges that plaintiff should have been restrained at that point before the ERU team proceeded on with the search.

Shortly thereafter, Dr. Ho entered the kitchen while the house was being searched. According to plaintiff, Dr. Ho brushed him, placed his knee into plaintiff's back, pulled back his arms and handcuffed him. Although plaintiff states that he cautioned Dr. Ho that he had a bad back, plaintiff claims the pressure on his back increased as he was being handcuffed. After plaintiff was handcuffed, Dr. Ho removed the gun from plaintiff's waistband and took his weight off plaintiff's back. Dr. Ho states that he handcuffed plaintiff because plaintiff was armed, unsecured, and unidentified. Dr. Ho did so because during his training he learned that unsecured people roaming free behind the entry team are a safety risk. Later, another officer entered, recognized plaintiff, and permitted plaintiff to stand up and was led over to a kitchen chair. Plaintiff noticed that his back hurt. Dr. Ho, who was still standing in the kitchen, detected no difficulty in plaintiff's movement, determined that he was medically stable and departed the scene shortly thereafter. Plaintiff claims that he suffered physical injury as a result of Dr. Ho's conduct and brings this action to obtain compensation for those injuries and for defendants' constitutional violations.

**ANALYSIS**

As mentioned above, the Magistrate Judge recommended that defendants' motion for summary judgment be granted. He concluded that the claims against the City must be dismissed because plaintiff had failed to present sufficient evidence that the actions of the city were the product of a pattern of unconstitutional misconduct so pervasive as to constitute a custom or that Dr. Ho's actions were taken against plaintiff pursuant to official municipal policy. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (explaining standards of municipal liability under § 1983). The Magistrate Judge also concluded that plaintiff's claims against Dr. Ho must be dismissed because plaintiff failed to sue Ho in his individual capacity. The Magistrate Judge further noted that even if plaintiff had sued Ho in his individual capacity, Ho is entitled to qualified immunity.

The Court has reviewed plaintiff's objections to the report and recommendation but finds nothing that compels a conclusion different from the one reached by the Magistrate Judge. The law is well-settled that municipal bodies are not subject to claims of respondeat superior or vicarious liability under 42 U.S.C. § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 694 (1978). Consequently, a municipality is liable for its own wrongs only when enforcement of a municipal policy or practice results in the deprivation of federally protected rights. *Id.* at 694. For liability to attach, a plaintiff must prove that injury results from "action pursuant to official municipal policy of some nature," or alternatively, through proof that the alleged misconduct was so pervasive among the non-policy making employees of the municipality as to constitute a custom or practice with the force of law. *Mettler*, 165 F.3d at 1204. Under either theory, plaintiff must show that the municipal policy or custom was the "moving force behind the

constitutional violation." *Id.* Only deliberate actions by a municipality can meet the moving force requirement. A review of the record reveals that, even viewing the evidence in the light most favorable to the non-moving party, plaintiff's evidence falls well short of the standards set forth above. Accordingly, the Court concludes that dismissal of plaintiff's claims against the City is appropriate for the reasons stated in the report and recommendation.

Dismissal of plaintiff's claims against Dr. Ho is also appropriate. The law in the Eighth Circuit requires that a plaintiff who sues a government official in his individual capacity must specifically acknowledge that fact in the complaint. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (explaining that plaintiffs should use the following language when they wish to sue state employees in both capacities: "Plaintiff sues each and all defendants in both their individual and official capacities."). When a plaintiff fails to specify in his complaint in which capacity a state employee is being sued, it is assumed that he is suing that defendant in his official capacity. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (when a complaint is silent about the capacity in which the defendant is being sued, the court will assume the complaint contains official-capacity claims only). Such is the case here. A review of plaintiff's second amended complaint plainly reveals that plaintiff did not include language expressing a desire to sue Dr. Ho in his individual capacity. Consequently, plaintiff's claim against Dr. Ho for monetary damages is barred by the Eleventh Amendment.

Plaintiff's claim against Dr. Ho is deficient for the additional reason that his allegations are premised on violations of Minnesota state law. Plaintiff devotes much of

his objections to allegations that Dr. Ho's conduct violated several Minnesota state statutes concerning when private citizens can execute arrests. However, it is well-established that violations of state law do not state a claim for purposes of § 1983. *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000) ("Violations of state law do not state a claim under 42 U.S.C. § 1983."); *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) ("Section 1983 guards and vindicates federal rights alone."). Accordingly, plaintiff's claim against Dr. Ho fails for the reasons stated above and those set forth in the report and recommendation.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 41] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 40]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 26] is **GRANTED**.

2. Plaintiff's Second Amended Complaint [Docket No. 20] is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 15, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd